Belknap, ⎰
Dec., 1897. ⎱

BROWN v. CLINTON.

By an attachment of real estate, the creditor acquires a lien on all the debt-
or's interest except the homestead right.

If the homestead right of the debtor has not been set off, it does not pass by
his conveyance subsequent to the attachment.

PETITION, under P. S., c. 138, s. 14, for the determination of
the question of the existence of a homestead right. Facts found
by the court. The premises in which the right is claimed do
not exceed $500 in value, and when attached were owned and
occupied by the defendant. After the attachment they were
conveyed to one Sanders, who gave a mortgage back, condi-
tioned to support and maintain the defendant and one Ranger
during their joint lives and the life of the survivor. There was
no change in the occupation of the premises prior to the time
the levy was begun. The court ruled that the defendant was
not entitled to a homestead, and she excepted.

*Walter S. Peaslee*, for the plaintiff.

*Jewell, Stone, Owen & Martin*, for the defendant.

PIKE, J. By the attachment the plaintiff obtained a lien upon
all the interest of the defendant in the premises except her
homestead right. *Bennett* v. *Cutler*, 44 N. H. 69, 71. This
right, being inchoate because the homestead was not set off,
did not pass to Sanders by the defendant's conveyance to him,
but was waived or released thereby and ceased to exist. P. S.,
c. 138, s. 4; *Gunnison* v. *Twitchell*, 38 N. H. 62, 67; *Foss* v.
*Strachn*, 42 N. H. 40, 42; *Tidd* v. *Quinn*, 52 N. H. 341, 344.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.